IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAURA PRATT, o/b/o )
KAYLA ERVIN, a minor, )
)
        Plaintiff, )
)
v. ) Civil Action No. 04-1514
)
JO ANNE B. BARNHART, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of March, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for child's supplemental security income ("CSSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, denied. The Commissioner's decision of December 13, 2003, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not

"disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Laura Platt ("plaintiff") protectively filed an application for CSSI on behalf of her minor daughter, Kayla Ervin, on November 27, 2002, alleging a disability onset date of July 19, 2002, due to post traumatic stress disorder, depression and asthma. Plaintiff's application was denied initially. On June 1, 2003, plaintiff, unrepresented by counsel, signed a waiver of right to personal appearance before an administrative law judge in which she indicated that she "[does] not have transportation." (R. 33)

Accordingly, no hearing was held and, on December 13, 2003, the ALJ issued a decision, based solely on the written record, finding that plaintiff is not disabled. On August 12, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Under the basic definition of disability for children set forth in the Act, an individual under the age of eighteen shall be considered disabled if that individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(I); see also 20 C.F.R. §416.906.

In determining whether a child is disabled under the Act, the ALJ must determine in sequence: (1) whether the child is doing substantial gainful activity; (2) if not, whether the child has a severe impairment; (3) if so, whether the child's impairment meets, medically equals, or functionally equals the listing of impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §416.924(a). The regulations set forth specific rules for evaluating whether the claimant has an impairment that meets a listing (20 C.F.R. §416.925), medically equals a listing (20 C.F.R. §416.926) or functionally equals a listing (20 C.F.R. §416.926(a)).

Here, after reviewing plaintiff's medical records, school records, and teacher/counselor questionnaires, the ALJ found that,

- 3 -

although the evidence establishes that Kayla suffers from the severe impairments of post traumatic stress disorder, asthma, and depression in remission, those impairments, alone or in combination, do not meet or medically equal the severity of any of the impairments listed in Appendix 1 of 20 C.F.R., Subpart P, Regulations No. 4, nor do they result in limitations that functionally equal the listings. As a result, the ALJ found that Kayla is not disabled within the meaning of the Act.

On appeal, plaintiff raises four challenges to the ALJ's decision: (1) plaintiff did not knowingly and voluntarily waive her right to a hearing; (2) plaintiff did not knowingly and voluntarily waive her right to an attorney; (3) the ALJ failed to properly evaluate Kayla's mental health impairments; and, (4) the ALJ did not exercise the heightened duty of care to develop the record that he owed to plaintiff as an unrepresented claimant. Upon review of the record, the finds that plaintiff's lack of representation resulted in unfairness in the administrative proceeding necessitating a remand for reconsideration of plaintiff's claim after further development of the record and a full and fair hearing.

It long has been recognized that the Commissioner has a duty to inform a claimant of the right to counsel, Saldana v. Weinberger, 421 F.Supp. 1127 (E.D.Pa. 1976), and to free counsel if the claimant is indigent. Singleton v. Schweiker, 551 F.Supp. 715 (E.D.Pa. 1982). A remand to the Commissioner for denial of these rights is appropriate where "the lack of counsel prejudiced

- 4 -

the claimant or ... the administrative proceeding was marked by unfairness due to lack of counsel." Livingston, 614 F.2d at 345.

In this case, the record does not support a finding that plaintiff adequately was informed of her right to counsel, or to free counsel if she could not afford it. The references in the record to a claimant's right to representation are scant and general, including a one paragraph discussion at the end of the initial Notice of Disapproved Claim (R. 26-29), a two-sentence statement on the Request for Hearing by Administrative Law Judge Form (R. 30) and a one-sentence statement on the Waiver of Right to Personal Appearance Before an Administrative Law Judge form (R. 33).

However, in addition to the general notice of rights contained in the foregoing standard documents, claimants in social security cases generally also are provided with a pamphlet discussing in greater detail a claimant's right to representation as well as an attorney referral list and a list of organizations that provide free legal representation for qualified claimants. Here, neither a pamphlet nor a referral list are contained in the record, strongly suggesting that plaintiff never received such documents. It also is significant to note that the record contains no express written or oral waiver of the right to counsel. In the absence of such an express waiver, the court does not believe that a knowing and voluntary waiver of the right to representation, and free representation if plaintiff could not afford it, can be inferred from the record in this case.

While the lack of counsel in a social security proceeding does not ipso facto require a remand, the court must conclude that a remand is necessary in this case because plaintiff's lack of counsel resulted in unfairness in the administrative proceeding, manifested most clearly in an unfavorable decision being rendered in the absence of a full and fair hearing[1], but also by the ALJ's failure to fulfill his duty to an unrepresented claimant to fully develop the record.

Social Security proceedings are inquisitorial, not adversarial and, "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103 (2000). Moreover, it has long been established in this circuit that the ALJ has a heightened duty to develop the record and to hold full and fair hearings when a claimant is unrepresented. Livingston v. Califano, 614 F.2d 342 (3d Cir. 1980); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979).

In fulfilling his duty to help a pro se claimant develop the record, an ALJ must scrupulously and conscientiously probe into, inquire of and explore for all of the relevant facts. Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). The court may find a proceeding unfair where the ALJ does not develop a complete record

---

[1] Although the record contains a waiver of right to a personal appearance before an ALJ signed by plaintiff, plaintiff's lack of counsel also casts doubt as to whether that document was signed knowingly and voluntarily, particularly when plaintiff indicated that the reason for her waiver of a hearing was a lack of transportation. (R. 33).

and the essential inquiry is whether "the incomplete record reveals evidentiary gaps which result in prejudice to the claimant." Gauthney v. Shalala, 890 F.Supp. 401, 410 (E.D.Pa. 1995).

Here, the court does not believe that the ALJ fulfilled his duties to plaintiff as an unrepresented claimant to develop the record and to hold a full and fair hearing. Indeed, no hearing was held at all and the record establishes that the ALJ also declined to explore information to which plaintiff herself affirmatively directed him. In the paperwork that she submitted to the ALJ, plaintiff provided the name and address of an organization called Every Child, Inc., and indicated that this organization had additional evidence that plaintiff wanted the ALJ to consider. (R. 30) In addition, plaintiff also provided the ALJ with the name and phone number of a counselor by the name of Raynell Jones, who visited Kayla at her home twice a week for two hours a day. (R. 33).

However, there is no indication in the record that the ALJ made any effort to contact anyone at Every Child, Inc., or Raynell Jones to investigate whether they in fact had relevant information on Kayla's claim. Clearly, it is not unreasonable to assume that a counselor who was spending fours hours a week with Kayla may have had information which could have been useful in rendering a decision on plaintiff's eligibility for benefits. The ALJ's failure to pursue this line of inquiry, of which he was expressly made aware, is inexplicable.

The ALJ clearly owed a duty to plaintiff as an unrepresented claimant to investigate all sources of information regarding Kayla's condition, especially when plaintiff actually provided contact information for these sources. In making no effort to follow up and inquire for all relevant facts the ALJ clearly breached his duty to plaintiff as an unrepresented claimant.

Moreover, the ALJ's breach of that duty resulted in an incomplete record with evidentiary gaps that prejudiced plaintiff's claim, particularly when no hearing was held wherein plaintiff, and Kayla herself, could have testified in more detail as to Kayla's mental impairments and resulting limitations. Because of these evidentiary gaps, the ALJ's finding of not disabled based on an incomplete written record is not supported by substantial evidence and cannot stand.

Accordingly, the court finds that plaintiff's lack of counsel resulted in both procedural unfairness and prejudice to her substantive claim, and a remand is necessary to ensure that plaintiff receives a full and fair administrative proceeding. On remand, the ALJ is to develop a complete record on Kayla and her impairments and limitations, to include the obtaining of all information from all relevant sources, including those identified by plaintiff, and also, if necessary, ordering a consultative examination[2] in accordance with 20 C.F.R. §§416.919 et seq.

---

[2] The court notes that a development summary worksheet contained in the record indicates that a consultative examination had been scheduled for March of 2003, but that examination was cancelled with no explanation provided. (R. 83).

Plaintiff currently is represented by competent counsel, who presumably will be assisting plaintiff on remand. If, however, for any reason plaintiff would find herself unrepresented before the ALJ on remand, the ALJ must fulfill his duty to plaintiff as an unrepresented claimant to develop the record and hold a full and fair hearing on plaintiff's claim.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc:  John G. Burt, Esq.
    Suite 810, Arrott Building
    401 Wood Street
    Pittsburgh, PA 15222

    Paul D. Kovac
    Assistant U.S. Attorney
    United States Post Office & Courthouse
    700 Grant Street, Suite 400
    Pittsburgh, PA 15219

- 9 -